IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BARNETT SOUTHERN CORPORATION, *
　　　　　　　　　　　　　　　　 *
　　　Plaintiff,　　　　　　　　 *
　　　　　　　　　　　　　　　　 *
　　v.　　　　　　　　　　　　　 *　　　CV 110-74
　　　　　　　　　　　　　　　　 *
NATIONAL TRUST INSURANCE　　　　 *
COMPANY and ELARIO ARGAS,　　　　*
　　　　　　　　　　　　　　　　 *
　　　Defendants.　　　　　　　　*

O R D E R

This diversity case involves an alleged breach of an insurance contract between the insured, Plaintiff Barnett Southern Corporation ("Barnett Southern"), and its insurer, Defendant National Trust Insurance Company ("NTIC"). The case was filed in the Superior Court of Richmond County and subsequently removed to this Court on June 1, 2010.[1] Defendant NTIC filed an answer to the complaint two days later on June 3, 2010. Presently, Defendant NTIC has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

---

[1] In the petition for removal, Defendant NTIC alleges that Plaintiff fraudulently joined Defendant Elario Argas, a Georgia resident. According to Plaintiff, Mr. Argas cannot be found for purposes of service of process; thus, it has chosen not to move for remand of the case. (See Rule 26(f) Report, ¶ 3.)

A Rule 12(c) motion for judgment on the pleadings provides an early opportunity for a defendant to test the merits of a plaintiff's claims and any defenses as they are revealed in the pleadings. The fact allegations of the complaint are taken as true and are viewed in the light most favorable to the plaintiff. See Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002). Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law based on the pleadings. Id. at 701; Mergens v. Dreyfoos, 166 F.3d 1114, 1116-17 (11th Cir. 1999). Of note, documents attached to the pleadings become part thereof and may be considered on a motion for judgment on the pleadings. See Fed. R. Civ. P. 10(c).

The relevant facts taken from the complaint are as follows. Plaintiff Barnett Southern was a second tier subcontractor on an interstate project for the Georgia Department of Transportation ("GDOT") on February 11, 2008. (Compl. ¶ 4.) On that date, Defendant Elario Argas, a Barnett Southern employee, caused structural damage to the Walton Way Extension bridge owned by the GDOT when he struck an exterior beam of the bridge with a track hoe. (Id. ¶¶ 5-6.)

Following the accident, Plaintiff Barnett Southern sent a notice of claim to its insurer, Defendant NTIC. (Id. ¶ 8.)

After investigation, NTIC accepted the claim and initiated negotiations with the GDOT in an effort to repair the damage. (Id. ¶ 10.) Specifically, NTIC offered to "patch" the damaged beam. The GDOT, however, rejected the offer because a patch would not restore the structural integrity of the concrete beam for the life of the bridge. (Id. ¶¶ 11-12.) Despite the GDOT's insistence that the beam be replaced as opposed to repaired, NTIC repaired the bridge utilizing a patch. NTIC then wrote its insured, Barnett Southern, that it had paid all that it was legally obligated to pay, i.e., the repair cost. (Id. ¶¶ 16-17.)

The GDOT held firm in its position that the beam had to be replaced. To recoup the replacement cost, the GDOT had the option of suing Barnett Southern directly or of enforcing its indemnity agreement with the general contractor on the project, U.S. Constructors. (Id. ¶ 20.) The GDOT chose the latter option and required the general contractor to replace the beam. (Id. ¶¶ 21-22.) The general contractor then charged the replacement cost to its subcontractor, Team Excavating, for whom Barnett Southern had been working at the time of the accident. (Id. ¶ 23.) Team Excavating charged the replacement cost in turn to Barnett Southern in the amount of $500,000.[2] (Id. ¶ 24.) Barnett Southern paid the expense

---

[2] It appears that U.S. Constructors and Team Excavating entered into a settlement agreement for $500,000 in a state

3

(id. ¶ 27) and then filed the instant action seeking indemnity from its insurer, Defendant NTIC.

Based upon these allegations of the complaint, Defendant NTIC has moved for judgment on the pleadings, arguing that Plaintiff Barnett Southern voluntarily paid the replacement cost charged by the subcontractor above it despite the fact that NTIC had previously made clear that it was not legally obligated to pay for replacement because it was unnecessary. NTIC contends that the subject insurance policy only requires it to pay those sums that Plaintiff "become legally obligated to pay." Thus, the policy does not require NTIC to indemnify Plaintiff for a voluntary payment. NTIC specifically points to the following provisions of the insurance policy:

> No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [NTIC's] consent.

(Compl. Ex. A, Commercial General Liability Policy, Section IV, ¶ 2.d.)

> A person or organization may sue [NTIC] to recover on an agreed settlement or on a final judgment against an insured; but we will not be liable for damages that are not payable under the terms of this Coverage Part . . . . An agreed settlement means a settlement . . . signed by [NTIC] . . . .

(Id. ¶ 3.)

---

court lawsuit between them involving the beam replacement. (Pl.'s Resp. in Opp'n to Mot. for J. on Pleadings, Exs. 3, 4 & 7.)

Plaintiff Barnett Southern opposes the motion, arguing that it was legally obligated to pay the replacement cost because of its employee's negligence. With respect to its relationship with its insurer NTIC, Barnett Southern claims that NTIC essentially denied coverage for the replacement beam, thereby relieving Barnett Southern of any further obligation to cooperate with NTIC under the policy. As evidence that NTIC denied coverage and therefore relieved it from its contractual obligations, Barnett Southern submits an exchange of correspondence as exhibits to its responsive brief. In doing so, Barnett Southern even argues that at the very least, it is a jury issue as to whether NTIC denied coverage for the replacement cost.

In reply, NTIC points out aspects of the correspondence that indicate its continued willingness to defend Barnett Southern against any claim related to the replacement of the beam. Indeed, in a letter dated August 26, 2009, NTIC states that while it disagrees that the damaged bridge segment must be replaced, NTIC "is willing to defend and indemnify Barnett Southern in the event of a suit by GDOT according to and subject to its policy provisions." (Pl.'s Resp. in Opp'n to Mot. for J. on Pleadings, Ex. 5 at 2.) NTIC then reiterates that Barnett Southern voluntarily chose to make payment for the replacement cost "without ever having been sued and

without ever having had a judgment entered against it."
(Def.'s Reply Brf. at 5-6.)

Through their briefs, both parties cite to the correspondence between the many involved entities to argue reasonable inferences or to establish some relevant fact to the issue of coverage. Indeed, it is apparent that there *may* exist an issue of fact with respect to whether NTIC denied coverage of the claim such that Barnett Southern had no further obligation to involve NTIC in its negotiations or settlement of any claims made against it. The Court, however, will not comment upon whether this factual issue is either genuine or material.[3] Rather, the Court will exercise its discretion and **CONVERT** Defendant NTIC's motion for judgment on the pleadings to one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d).

The Court recognizes that both parties argue the

---

[3] Of note, it appears that at some point, Team Excavating requested a temporary restraining order in the Superior Court of Richmond County, seeking to restrain the general contractor, U.S. Constructors, from replacing the beam because Team Excavating anticipated that the replacement cost would be charged against it through its indemnity contract with U.S. Constructors. While Barnett Southern was not a party to the state court lawsuit, NTIC sent a representative to a mediation to protect its interests. While these facts are at the very least interesting and perhaps relevant, they are derived from matters so far outside the pleadings that this Court draws no conclusions or inferences therefrom at this time. Rather, it is simply indicative of the fact that judgment cannot be made on the pleadings.

application of the exception to the rule that consideration of matters outside the pleadings demands conversion to a summary judgment motion. Indeed, conversion is not required if the matters outside the pleadings are authentic documents central to the plaintiff's claim. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing Horesley, 304 F.3d at 1134). The Eleventh Circuit has justified this exception by stating that "if the document was indeed so central to the claim that it served as a basis for the complaint, then plaintiffs must have already been aware of it, and thus do not need the protection of [a] notice period." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1281 n.16 (11th Cir. 1999). In the instant case, however, the correspondence submitted by Plaintiff and referenced in argument by Defendant do not fall within the exception because the documents are not "central" to Plaintiff's breach of insurance contract claim. Indeed, Plaintiff did not reference or rely upon the correspondence in the complaint. Rather, the documents are being used in an attempt to create a factual dispute regarding the applicability of the insurance contract. This does not make the correspondence "central" to Plaintiff's claim. See Adamson v. Poorter, 2007 WL 2900576, at *3 (11th Cir. Oct. 4, 2007) ("A document is not 'central' merely because it is directly responsive to a factual allegation.")

Upon the foregoing, the Court hereby **CONVERTS** Defendant NTIC's motion for judgment on the pleadings to one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d). Plaintiff shall therefore have fourteen (14) days from the entry of this Order to file all pertinent material and argument in response to Defendant NTIC's motion. Defendant shall have ten (10) days to file an appropriate reply.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of February, 2011.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA